---

**BUILDING TRADES UNITED PENSION TRUST FUND,**
**DOUG EDWARDS (in his capacity as Trustee),**

     **Plaintiffs,**

 **v.**             **Case No.** ___23-cv-558___

**EMPRESS SURFACE SOLUTIONS LLC**

     **Defendant.**

---

## COMPLAINT

---

  **NOW COME** the Plaintiffs, by their attorneys, and as and for their Complaint against the Defendant, allege and show to the court the following:

### Jurisdictional and Venue

  1. Jurisdiction of this Court upon Defendant Empress Surface Solutions LLC ("Empress") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and federal common law because Empress has breached the terms of certain collective bargaining agreements by both failing to, and by belatedly remitting contributions to the Building Trades United Pension Trust Fund ("Pension Fund"), thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), and the terms and provisions of the employee benefit plans and the collective bargaining agreements to which it is bound.

  2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that Plaintiffs are administered in this District in Elm Grove, Wisconsin.

3.     Plaintiff Pension Fund is an employee benefit plan within the meaning of 29 U.S.C. §§ 1002(2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants and beneficiaries of said plan.

4.     Plaintiff Doug Edwards is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund, as well as a participant and beneficiary of the Pension Fund.

5.     Empress is an Illinois limited liability company that performed flooring installation and related work in Milwaukee, Waukesha, Racine, Kenosha, Ozaukee, and/or Washington Counties (hereinafter "Milwaukee Area"). Empress' registered agent for service of process is Rosa Elizarraras.

6.     Empress is an employer and party in interest in an industry affecting commerce within the meaning of 29 U.S.C. §§ 1002(5), (11), (12) and (14).

7.     For all times relevant, Empress was and remains a party to and agreed to abide by the terms of one or more labor agreements with the North Central States Regional Council of Carpenters ("Carpenters' Union"), as well as one or more labor agreements with the Wisconsin Bricklayers District Council ("Bricklayers' Union") that required it to remit contributions to the Pension Fund for each hour worked by its employees in the Milwaukee area.

8.     Pursuant to said collective bargaining agreements, Empress was required to remit contributions to the Pension Fund by the last day of the month for all hours worked by employees covered by the Carpenters' CBA during the previous month; as well as to remit contributions to the Pension Fund by the 15th day of the month for all hours worked by employees covered by the Bricklayers' CBA during the previous month.  In the event Empress fails to timely remit contributions, it would owe interest of 1.5 percent per month and liquidated damages equal to 20 percent of all unpaid and untimely paid contributions.

9.     By execution of said Labor Agreements, Empress agreed to abide by the rules and regulations adopted by the Pension Fund's Board of Trustees pursuant to their authority, including the Pension Fund's Policy on Employer Accounts.

10.     During the audit period of November 1, 2020 through July 31, 2022, Empress failed to report to the Pension Fund and therefore failed to remit any contributions to the Pension Fund for some hours worked by its employees, failed to remit the full amount of owed contributions on all hours that it did report to the Pension Fund, and belatedly paid other contributions for some hours worked by its employees after the 15th day of the month following the one during which the work was performed.

11.     On or about August 23, 2022, the Pension Fund by an auditor conducted an audit of Empress' books and records for the audit period of November 1, 2020 through July 31, 2022. The audit found that Empress owed to the Pension Fund $36,157.02 in contributions that were still owing on the date that this lawsuit is filed; and $6,529.25 in interest and liquidated damages on contributions that were belatedly paid before the date of the audit.  Interest is continuing to accrue as to contributions that are still unpaid on the date that this lawsuit was filed.

12.     To date, Empress has not paid to the Pension Fund any of the contributions, interest, and liquidated damages that are identified to be owing by the audit.

<u>**Claim One Against Empress**</u>
<u>**Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**</u>

13.     As and for a first claim for relief against Empress, Plaintiffs repeat and reallege each allegation contained in paragraphs 1 through 12 above and incorporate the same as though fully set forth herein word for word.

14.     Empress has breached the terms of its labor agreements with the Carpenters' Union and Bricklayers' Union by failing to remit contributions to the Pension Fund for hours worked by its employees between November 1, 2020 and July 31, 2022, thereby violating 29 U.S.C. §1145.

15.   Pursuant to 29 U.S.C. §1132(g)(2)(b) through (d), as to contributions that remained unpaid when this Complaint is filed with the Court, Plaintiffs are entitled to recover from Empress, in addition to the unpaid contributions, interest at the rate of 1.5 percent per month, plus the higher between double interest and liquidated damages, plus actual attorneys' fees and costs incurred in prosecuting this count of the First Amended Complaint.

**Claim Two Against Empress**
**Collection of Interest on Untimely Paid Contributions**
**Pursuant to 29 U.S.C. § 185 and Federal Common Law.**

16.     As and for a second claim for relief against Empress, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 15 above and incorporate the same as though fully set forth herein word for word.

17.     Empress has violated its Collective Bargaining Agreements with the Carpenters' Union and the Bricklayers' Union by remitting contributions to Plaintiff Funds after the deadlines set by said Agreements, but prior to the filing of this Complaint.

18.     Pursuant to federal common law, Plaintiff Funds in their capacity as third-party beneficiaries of the Agreements are entitled to enforce the Agreements to collect interest and liquidated damages Empress owes on its untimely paid contributions.

19.     Alternatively, Plaintiff Funds in their capacity as third-party beneficiaries of the Agreements are entitled to enforce the Unions' Labor Agreements with Empress pursuant to 29 U.S.C. §185 to collect interest and liquidated damages that are required by Empress' Labor Agreements with the Bricklayers' Union and the Carpenters' Union.

- 4 -

**WHEREFORE**, the Plaintiffs demand the following relief:

1. Judgment on behalf of the Plaintiffs and against Empress:

   A. For unpaid contributions, interest, and either double interest or liquidated damages on contributions owed by Empress for the audit period of November 1, 2020 through July 31, 2022 which, as of the date of the filing of this Complaint, still has not been paid to the Pension Fund;

   B. For interest and liquidated damages on contributions that became owed for hours worked by Empress employees between November 1, 2020 and July 31, 2022 which were paid to the Pension Fund after the 15th day of the month following the month during which the work was performed, but before the filing of this Lawsuit;

   C. Reasonable attorney fees and the costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

   Dated this 2nd day of May, 2023.

/s/Yingtao Ho
Yingtao Ho (1045418)
THE PREVIANT LAW FIRM, S.C.
Attorney for Plaintiffs
301 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: yh@previant.com