UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**BUILDING TRADES UNITED PENSION TRUST FUND,**
**DOUG EDWARDS (in his capacity as Trustee),**

        **Plaintiffs,**

v.                                                Case No. 23CV558

**EMPRESS SURFACE SOLUTIONS LLC**

        **Defendant.**

---

### PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

---

Plaintiffs, by their attorneys, for their Motion for Default Judgment state as follows. Plaintiffs will not file a separate Memorandum of Law with the Court.

1. Simultaneously with the filing of this Motion for Default Judgment, Plaintiffs filed a Request to Enter Default with the Clerk of Court. The Request to Enter Default along with the Declaration of Yingtao Ho demonstrate Empress has failed to plead or otherwise defend against the Complaint, though more than 21 days have passed since it was served with the Summons and Complaint on June 17, 2023. Empress therefore is in default within the meaning of Rule 55(a) of the Federal Rules of Civil Procedure.

2. Through its default, Empress has admitted each of the well-pled allegations of the Complaint. *Black v. Lane*, 22 F. 3d 1395, 1399 (7th Cir. 1994). Empress has therefore admitted that it was bound to a CBA with the Northcentral States Regional Council of Carpenters, that said CBA required it to remit pension contributions for each hour worked by employees covered by the CBA, and that it failed to remit contributions altogether for some hours worked by its employees, failed to remit the full amount of owed contributions for other hours that it reported to the Pension

1

Fund, and that even contributions that it did pay to the Pension Fund were sometimes untimely paid. (Docket #1, ¶¶7, 8, 10).

3. The Carpenters' CBA requires Empress to remit contributions by the end of the month following the one during which the work was performed; and permits the Pension Fund to assess interest and liquidated damages on all untimely paid contributions. (Brester Dec. Ex. 2, Art. 10F) Plaintiffs therefore are entitled to, in addition to enforcing 29 U.S.C. §1145 by collecting unpaid contributions required by the Carpenters' CBA, enforce the Plan by collecting interest and liquidated damages on contributions that Empress untimely paid. *Operating Engineers Local 39 Health Benefit Fund v. Gustafson Const. Corp.*, 258 F. 3d 645, 654-655 (7th Cir. 2003).

4. Nor do the Plaintiffs need to rely on the pleadings alone to establish Empress' liability: Empress is signatory to a CBA with the Carpenters' Union. (Brester Dec. Ex. 1) Under that CBA, covered employees are those who perform bargaining unit work in the occupational and geographical area covered by the CBA. (Brester Dec. Ex. 2, Art. 1A) The geographical area covered by the CBA includes Milwaukee, Waukesha, Ozaukee, Washington, Racine, and Kenosha Counties. ("Milwaukee Area") (Id. Pg. 1, Witnesseth Clause). The CBA requires Empress to remit contributions to the Pension Fund for each hour worked for which wages are payable to an employee. (Id. Art. 8B). The auditor identified employees covered by the CBA by identifying employees who performed floor covering installation work in the Milwaukee Area, which is clearly covered work under the CBA. (Brester Dec. §3; Ex. 2, Art. 3B) The auditor then identified hours worked by covered employees in the Milwaukee area, for which Empress never remitted contributions to the Pension Fund. (Brester Dec. §3; Ex. 3).

5. Plaintiffs therefore are entitled to the entry of default judgment against Empress. A default judgment establishes, as a matter of law, that Empress is liable to Plaintiffs as to each cause

of action alleged in the complaint." *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989). Once Plaintiff is entitled to default judgment in some amount, the District Court's remaining inquiry is limited to determining the amounts of damages that Plaintiff is entitled to recover. *E360 Insight v. The Spamhaus Project*, 500 F. 3d 594, 602 (7th Cir. 2007). An audit submitted to the Court is sufficient to establish, for the purpose of default judgment, the amount of (and therefore the number of work hours for which) contributions owed by the employer in default. *Northcentral States Regional Council of Carpenters Pension Fund v. Ceiling Contractors, Inc.*, 2015 WL 12585908 *1 (W.D. WI. Mar. 12, 2015) (Directing the clerk, at a time before the audit was conducted, to add to the judgment the amounts of owed contributions, interest, and liquidated damages identified by the (future) audit report); *Wisconsin Sheet Metal Workers Health and Benefit Fund v. CC Installations, Inc.*, 11–C–641, 2011 WL 5404035 * 2 (E.D. WI. Nov. 7, 2011) (Audit report attached to affidavit sufficient to establish Plaintiffs' claim for contributions, interest, and liquidated damages); *Trustees of Central Laborers Pension Fund v. Robinson*, 08–454–DRH, 2008 WL 5191761 * 2 (S.D. IL. Dec. 11, 2008) (Rely solely on collective bargaining agreements and audit reports to determine amounts of contributions owed to Plaintiffs).

6. Similarly, Plaintiffs' audit is sufficient to establish the amounts of contributions still owed by Empress for each work month. (Brester Dec. Ex. 3) Plaintiffs have also introduced evidence that for November of 2020, Empress remitted contributions totaling $340.16 rather than the correct amount of $1,605.13 for 151 hours that it reported to the Pension Fund on a remittance report; for an underpayment of $1,264.97. (Brester Dec. ¶5, Ex. 4, pg. 1) Moreover, Plaintiffs assessed all owed pension contributions at the correct contribution rates. (Brester Dec. ¶5) In computing the total amount of contributions owed by Empress Plaintiffs gave it credit for overpayments identified on the audit. (Brester Dec. ¶17) The Court should therefore uphold the
3

Pension Fund's computation of the amount of contributions owed.

7. Plaintiffs complied with ERISA in computing interest and liquidated damages owed on the unpaid contributions. Under §1132(g)(2), the employer owes interest on unpaid contributions at the rate provided under the Plan. Under the Carpenters' CBA, contributions are considered delinquent if not paid by the end of the month following the one during which the work was performed. (Brester Dec. Ex. 2, Art. 10F) The employer owes interest at the maximum rate permitted by law, not to exceed 1.5% per month, on the delinquent balance of contributions owed. (Id.) The legal maximum interest rate for unpaid contributions is 1.5 percent per month. *Gustafson*, 258 F. 3d at 652. Plaintiffs accurately computed interest equal to 1.5 percent per month, for the time period between the second month after the work is performed and June of 2023, on all unpaid contributions. (Brester Dec. ¶¶9-10; Ex. 5)

8. In addition to interest, the employer also owes on its unpaid contributions either interest on the unpaid contributions or liquidated damages provided by the Plan not to exceed 20%, whichever is higher. 29 U.S.C. §1132(g)(2)(C). ERISA therefore permits a fringe benefit fund to collect double interest that exceeds 20% of the unpaid contributions. *Central States Pension Fund v. Sara Lee Bakery Group*, 2010 WL 6614902 *7-8 (N.D. IL. 2010) (Award double interest in excess of $19,000 on unpaid contributions of $32,500, almost three times the maximum permitted liquidated damages of $6,500). Under the Plan, the rate for liquidated damages on the delinquent balance of contributions is 20 percent. (Brester Dec. Ex. 2, Art. 10F) Plaintiffs therefore correctly assessed against Empress either double interest or liquidated damages equal to 20% of the unpaid contributions for each work month, whichever is higher. (Id., ¶11, Ex. 5)

9. Next, Plaintiffs assessed interest and liquidated damages on untimely paid contributions. First, they input into their spreadsheets the correct amounts of contributions that

4

Empress belatedly paid, the work month each payment of contributions corresponded to, and the deposit date for each payment of contributions. (Brester Dec. ¶¶5, 13-14, Ex. 4, Ex. 5) Next, consistent with Article 10F of the CBA, they determined the due date of each payment of contributions as the end of the month following the one during which the work was performed. (Brester Dec. ¶14, Ex. 5) The due date was then compared with the deposit date for each payment to compute the number of whole months by which each payment of contributions was tardy. (Id.) Plaintiffs then computed interest owed as 1.5% of the untimely paid contributions for each whole month that each payment was late. (Brester Dec. ¶15) Even though the Carpenters CBA authorized assessing liquidated damages at a flat 20% rate, Plaintiffs computed liquidated damages at the lower rate of 2.5% per month for each whole month that each payment was late. (Brester Dec. ¶16) Since no contributions from Empress was more than two months late, the maximum amount of interest and liquidated damages assessed for any tardy contribution was eight percent. (Brester Dec. ¶¶15-16) The Seventh Circuit pre-ERISA authorized charging an employer an amount equal to 10% of the unpaid contributions as interest and liquidated damages on untimely paid contributions. *American Bricklayers Union #21 v. Thorleif Larsen & Son*, 519 F. 2d 331 (7th Cir. 1975).

10. The Court therefore should uphold Plaintiffs' computation that Empress owes to the Pension Fund contributions totaling $36,157.02, interest totaling $9,267.21, and either double interest or liquidated damages totaling $10,573.48; for a grand total of $55,097.22.

11. Because Plaintiffs are entitled to recover contributions that Empress failed to pay as of the date this lawsuit was filed, they are entitled to reasonable attorneys' fees and costs of the action. 29 U.S.C. §1132(g)(2)(D). Under the Carpenters CBA, once an employer is delinquent (i.e. late) in remitting contributions, and the matter is referred to legal counsel for collection, the

employer owes attorneys' fees and costs incurred in the collection action. (Brester Dec. Ex. 2, Art. 10F) Plaintiffs therefore are similarly entitled to attorneys' fees incurred in collecting interest and liquidated damages on contributions that Empress untimely paid before this lawsuit was filed.

12. The Pension Fund is paying its attorneys $180 per hour for time spent litigating this collection case against Empress. (Ho Dec. ¶3) To date, Counsel has spent 7.7 hours litigating this matter, and incurred costs totaling $702 to file and serve the Complaint on Empress. (Ho Dec. ¶3, Ex. 2, 3) The Pension Fund is therefore entitled to attorneys' fees and costs totaling $180 x 7.7 + $702, or $2,088.

WHEREFORE, Plaintiffs respectfully request the Court enter judgment in favor of the Plaintiffs and against Empress in the amount of $57,185.22.

Dated this 31st day of July, 2023.

/s/Yingtao Ho
Yingtao Ho (1045418)
THE PREVIANT LAW FIRM, S.C.
Attorney for Plaintiffs
301 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: yh@previant.com